IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. CR412-235 |
| | ) | |
| MICHAEL GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Michael Griffin's Motion for Credit for Time Served (Doc. 80), which the Government opposes (Doc. 81). In his motion, Defendant seeks credit for time served from 2012 to 2014 to be applied toward his federal sentence. (Doc. 80 at 1.)

The Court must deny Defendant's motion. The BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence. Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) ("The Attorney General—acting through the BOP—initially possesses the exclusive authority under the law of this Circuit to compute sentence credit awards after sentencing."); United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) ("The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts."). If Defendant has fully exhausted his administrative remedies with the BOP, Defendant may mount a judicial challenge to the BOP's decision by filing a

civil action under 28 U.S.C. § 2241 in the district and division of his confinement. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); United States v. Gaynor, No. CR 406-014, 2016 WL 4030076, at *1 (S.D. Ga. July 26, 2016); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.")

As the Government notes, Defendant has not demonstrated that he sought administrative relief through the BOP, as is required, before a district court could review the matter. Additionally, according to the BOP's website, Defendant is incarcerated at USP Lewisburg in Lewisburg, Pennsylvania. Consequently, even should Defendant pursue a petition pursuant to 28 U.S.C. § 2241, such relief would be outside the jurisdiction of this Court. Based on the foregoing, Defendant's Motion for Credit for Time Served (Doc. 80) is **DENIED**.

SO ORDERED this 24th day of August 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA